IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Douglas Piper,<br><br>           Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>           Respondents. | No. CIV 06-2896-PHX-EHC (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE EARL H. CARROLL, UNITED STATES DISTRICT JUDGE:

    On December 1, 2006, Larry Douglas Piper filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that Respondent Dora B. Schriro, Director of the Arizona Department of Corrections (ADC), had improperly nullified his grant of parole in violation of his right to due process (Doc. #1). Respondents argue that (1) Piper fails to raise a federal question, because his request for habeas relief involves the interpretation of state statutes and ADC policies regarding eligibility for earned release credits and subsequent parole; (2) Piper has procedurally defaulted by failing to raise the claim in state court; and (3) Piper's claim is moot because he has been released on parole. In his Reply, Piper argues that Respondents' admission that the original parole grant by the Arizona Board of Executive Clemency (the Board) was lawful establishes a violation of his constitutional right to due process, and that no exhaustion process exists to challenge a parole board decision. The Court recommends that Piper's petition be denied and dismissed with prejudice.

1    Following a 1993 conviction for possession of narcotic drugs for sale, and the
2 imposition of a fourteen-year prison term, Piper was granted parole and released from ADC
3 on May 25, 2004 (Doc. #12, Exh A, Attachments 1-3).  Following a violation of the
4 conditions of his parole and reinstatement of his parole, he absconded from supervision and
5 was arrested on March 9, 2005 (*Id*., Attachments 4-5).  Because his time on absconder status
6 was not credited to him, Piper's new sentence expiration date was August 30, 2007 (*Id.*,
7 Attachment 6).  On June 20, 2006, the Board granted him parole; ADC subsequently
8 determined he was ineligible, and nullified his grant of parole (*Id.*, Attachment 7).  A review
9 by the Board found that the June 20, 2006 parole grant was still valid; on February 13, 2007,
10 Piper was released on parole (*Id*., Attachment 8).

11    Assuming *arguendo* that Piper has raised a federal claim by asserting a due process
12 violation as a result of the temporary nullification of his parole, his challenge to ADC's
13 decision should have initially been brought in state court as a special action petition, for a
14 determination as to whether ADC "has proceeded or is threatening to proceed without or in
15 excess of jurisdiction or legal authority."  *See* Ariz. R. P. Spec. Act. 3 (b).  In any event, the
16 Court agrees with Respondents that the request for relief is now moot, because Piper has
17 been released from custody to serve his remaining sentence on parole - the specific remedy
18 he sought by filing this petition.[1]

19    **IT IS THEREFORE RECOMMENDED** that Piper's petition for writ of habeas
20 corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

21    This recommendation is not an order that is immediately appealable to the Ninth
22 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
23 Appellate Procedure, should not be filed until entry of the district court's judgment.  The

---

[1] Piper's requests for injunctive relief and damages were dismissed by the District Court as not available unless and until Piper obtained a "favorable termination" of the underlying parole action, and then only in a separate action brought pursuant to 42 U.S.C. § 1983.  *See* Doc. #3 at 2.

- 2 -

1 parties shall have ten days from the date of service of a copy of this recommendation within
2 which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules
3 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within
4 which to file a response to the objections. Failure timely to file objections to the Magistrate
5 Judge's Report and Recommendation may result in the acceptance of the Report and
6 Recommendation by the district court without further review. *See United States v. Reyna-*
7 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual
8 determinations of the Magistrate Judge will be considered a waiver of a party's right to
9 appellate review of the findings of fact in an order or judgment entered pursuant to the
10 Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

11      DATED this 17th day of April, 2007.

_____
David K. Duncan
United States Magistrate Judge

- 3 -